E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
ELAN S. LEVEY (State Bar No. 174843)
Assistant United States Attorney
    Room 7516, Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3997
    Facsimile:  (213) 894-7819
    Email:  elan.levey@usdoj.gov

Attorneys for Defendant, United States Department of Education

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MOHSIN M. BHOJANI,<br><br>　　　　Debtor. | Case No. 2:24-bk-12418-BR<br><br>Chapter 7 |
| MOHSIN M. BHOJANI,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　　Defendant. | Adv. No. 2:24-ap-01258-BR<br><br>**UNITED STATES DEPARTMENT OF EDUCATION'S ANSWER TO ADVERSARY COMPLAINT FOR DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(8), US JUSTICE DEPARTMENT AND DEPARTMENT OF EDUCATION NEW GUIDELINES AND POLICY FOR DISCHARGING STUDENT LOANS**<br><br>Status Conference:<br>Date:　January 7, 2025<br>Time:　10:00 a.m.<br>Place:　Courtroom 1668<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

United States Department of Education, a defendant herein ("Defendant"), hereby answers the Adversary *Complaint for Determination that Student Loan Debt is Dischargeable Pursuant to 11 U.S.C. § 523(a)(8), US Justice Department and Department of Education New Guidelines and Policy for Discharging Student Loans* ("Complaint") (*Docket No. 1*), filed by Mohsin M. Bhojani, the plaintiff herein ("Plaintiff"):

### PREFATORY STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 7008(a) and 7012(b) and Local Bankruptcy Rule 7008-1, Defendant consents to the entry of final orders or judgment by this Court.

### I.   COMPLAINT

1.   Paragraph 1 contains a statement characterizing the relief requested in the Complaint, to which no response is required.  To the extent an answer is deemed required, Defendant denies the allegations.

### II.   JURISDICTION AND VENUE

2.   Paragraph 2 contains allegations of jurisdiction, venue and a core proceeding determination, to which no response is required.  To the extent and answer is deemed required, Defendant admits that jurisdiction is proper in the United States Bankruptcy Court for the Central District of California, that this matter constitutes a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I), and that venue is proper in the United States Bankruptcy Court of the Central District of California, pursuant to 28 U.S.C. § 1409.

### III.   BACKGROUND FACTS

3.   In response to Paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

4.   In response to Paragraph 4, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

///

///

1

5.      In response to Paragraph 5, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

6.      In response to Paragraph 6, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

7.      In response to Paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

8.      In response to Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

9.      In response to Paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

10.      In response to Paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

11.      In response to Paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

12.      In response to Paragraph 12, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

13.      In response to Paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

14.    In response to Paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

15.    In response to Paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

16.    In response to Paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

17.    In response to Paragraph 17, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

18.    In response to Paragraph 18, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

19.    In response to Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

20.    In response to Paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

21.    In response to Paragraph 21, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

22.    In response to Paragraph 22, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

23. In response to Paragraph 23, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

24. In response to Paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

25. In response to Paragraph 25, Defendant admits the allegations.

26. In response to Paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

27. In response to Paragraph 27, Defendant admits the allegations.

28. In response to Paragraph 28, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

## IV. FIRST CLAIM FOR RELIEF

(Determination that a Student Loan Debt is an Undue Hardship

Pursuant to 11 U.S.C. § 523(a)(8) and is Thus Dischargeable)

29. In response to Paragraph 29, Defendant re-alleges and incorporates its responses to Paragraphs 1 through 28 inclusive of the Complaint set forth above.

30. In response to Paragraph 30, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

31. In response to Paragraph 31, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

32. In response to Paragraph 32, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

4

33. In response to Paragraph 33, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

34. In response to Paragraph 34, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and on that basis, Defendant denies the allegations.

## PRAYER

35. The section beginning with "WHEREFORE" constitutes a prayer for relief, to which no response is required. To the extent a response may be required, Defendant denies the allegations contained therein. Defendant further alleges that Plaintiff is not entitled to any relief.

36. Any allegation contained in Plaintiff's Complaint which has not been admitted, denied or accepted is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief against Defendant can be granted.

## SECOND AFFIRMATIVE DEFENSE

The student loans owed by Plaintiff to Defendant are non-dischargeable debts pursuant to 11 U.S.C. § 523(a)(8).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

**WHEREFORE**, Defendant prays for judgment as follows:

(1) That Plaintiff be denied the relief requested in the Complaint;

(2) Declaring that Plaintiff's student loan indebtedness, if any, due and owing to the United States Department of Education, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8);

5

(3)    For costs of suit incurred herein; and

(4)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 3, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section


*/s/ Elan S. Levey*
ELAN S. LEVEY
Assistant United States Attorney

Attorneys for Defendant,
United States Department of Education

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012

A true and correct copy of the foregoing document entitled **UNITED STATES DEPARTMENT OF EDUCATION'S ANSWER TO ADVERSARY COMPLAINT FOR DETERMINATION THAT STUDENT LOAN DEBT IS DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(8), US JUSTICE DEPARTMENT AND DEPARTMENT OF EDUCATION NEW GUIDELINES AND POLICY FOR DISCHARGING STUDENT LOANS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 3**, **2024** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Carolyn A Dye (TR)**      trustee@cadye.com, c197@ecfcbis.com;atty@cadye.com
**Gregory Grigoryants**    gregory@grigoryantslaw.com, r40915@notify.bestcase.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On **December 3, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 3, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 3, 2024 | JULIE MORALES | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**